ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONALD GARY AYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-006 |
| ) | |
| BRIAN OWENS, Commissioner G.D.C., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Macon State Prison in Oglethorpe, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] Though he is currently incarcerated at Macon State Prison, Plaintiff's complaint concerns events which occurred at Telfair State Prison ("TSP") in Helena, Georgia, where he was incarcerated when he commenced this suit. (See doc. no. 1.)

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff

I.  **SCREENING OF COMPLAINT**

A.  **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Brian Owens, Commissioner of the Georgia Department of Corrections; (2) David L. Frazier, the Warden at TSP State Prison at the time of the events alleged in Plaintiff's complaint; and (3) Dianne Dees, the Deputy Warden of Care and Treatment at TSP. (See doc. no. 1, pp. 1, 4.) Plaintiff alleges that sometime in early 2012, Kendall Edmonds, a Sergeant at TSP at the time, told Plaintiff that "if he wanted to get out the hole all [he] had to do was give him [Edmonds] oral sex," and that Plaintiff wrote a grievance about this comment on March 4, 2012. (Id. at 5.) Plaintiff alleges, however, that because he had already written a grievance about a different matter, Ms. Johnson, a counselor, told him he could not file the grievance that week, so Plaintiff did not file the grievance and accompanying witness statement until March 22, 2012. (Id.) According to Plaintiff, his grievance was forwarded to Defendant Dees, who denied the grievance and told Sergeant Edmonds that Plaintiff had written it. (Id.)

Plaintiff reports that Sergeant Edmonds then returned to his cell and said "he was immune to due process" and that Plaintiff "was gonna have sex with him whether [he] wanted to or not, cause he had a thing for light skinned men and he had chose [Plaintiff] and he was gonna keep [him] in the hole till [he] gave in or [he] transferred." (Id.) Plaintiff also alleges that Sergeant Edmonds instructed another correctional officer to write a "bogus" disciplinary report that was ultimately dismissed by Deputy Warden Sam Zanders. (Id.)

Plaintiff avers that when he was "release[d] from the hole," Sergeant Edmonds would

---

signed, he remains liable for the full $350.00 filing fee.

see him "behind closed gates and blow kisses and wink at [Plaintiff]" and make sexually suggestive comments, but that Plaintiff "never got close to him again" because Sergeant Edmonds "stayed away" from him. (See id.) According to Plaintiff, after a prison employee allegedly suffered "the same thing," Sergeant Edmonds was fired. Plaintiff asserts that he "pushed another grievance about the issue" on August 7, 2012, and was "railroaded by staff at the prison again," but "Atlanta or the G.D.C. Internal Affairs heard [his] case out and agreed proper protocol was not followed." (Id. at 5-6.)

Plaintiff alleges that his grievance "was recorded on computer and was accessible" to both Defendants Frazier and Owens, and that "both had viewed the allegations and had done nothing to have it investigated." (Id. at 6.) Plaintiff asserts that Defendants "are in charge of insuring [his] safety at the prison and making sure that both [correctional officers] and staff alike are qualified trained individuals." (Id.) Plaintiff summarizes that Defendants violated his rights because they "failed to follow the rules and laws of their own institutions," "tried to push or deny [his] grievance from exposure," and "allow[ed] the sexual harassment to continue." (Id.) Plaintiff seeks monetary damages. (Id. at 7.)

## B. DISCUSSION

### 1. No Sexual Harassment Claim Under the Eighth Amendment[3]

Liberally construing Plaintiff's allegations in his favor and granting him the benefit

---

[3]The Court is aware that Plaintiff alleges that Sergeant Edmonds sexually harassed him, but that Plaintiff has not named Sergeant Edmonds as a defendant in this case. Plaintiff does allege, however, that the named Defendants are liable in part for "allowing the sexual harassment to continue." (Doc. no. 1, p. 6.) While the Court concludes infra that Plaintiff fails to state a claim against Defendants to the extent he is attempting to hold them liable in their supervisory capacities for the conduct of their subordinates, see Part I.B.3, the Court will also briefly address the viability of the underlying sexual harassment claim.

of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a sexual harassment claim under the Eighth Amendment based on the alleged misconduct by Sergeant Edmonds. As noted above, Plaintiff alleges that Sergeant Edmonds told him that "if he wanted to get out the hole all [he] had to do was give him [Edmonds] oral sex" and that Edmonds would "keep [Plaintiff] in the hole" until he had sex with him, and that Sergeant Edmonds also blew kisses and made sexually suggestive comments to him.

Under Eleventh Circuit law, "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). A plaintiff seeking to establish a valid Eighth Amendment sexual abuse claim must satisfy two requirements, one of which is objective and the other subjective. The objective component requires that the conduct at issue cause an injury that is "objectively, sufficiently serious," meaning an injury that is "more than *de minimis*." Id. (quoting Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997), and Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)). The subjective component "requires the prison official have a 'sufficiently culpable state of mind.'" Id. (quoting Boddie, 105 F.3d at 861).

Here, Plaintiff alleges a handful of instances when Sergeant Edmonds made sexually suggestive remarks or gestures, two of which were accompanied by threats that Plaintiff would not be able to get out of "the hole" if he did not acquiesce. Plaintiff does not allege that Sergeant Edmonds ever actually engaged in any touching of Plaintiff, however. Indeed, Plaintiff has alleged no injury, physical or otherwise, from Sergeant Edmonds's alleged conduct. Plaintiff therefore fails to satisfy the objective component of the applicable

4

standard in that he has not alleged any injury, let alone an injury of sufficient gravity to establish an Eighth Amendment violation. See Boxer X, 437 F.3d at 1109, 1111 (concluding that female prison guard's sexual solicitation of a male prisoner, "even under the threat of reprisal, [did] not present more than *de minimis* injury," where alleged conduct occurred repeatedly over span of several months); see also Jemison v. Mack, CIV.A. 12-00244-CG-M, 2012 WL 2601382, at *3 (S.D. Ala. June 8, 2012), *adopted by* 2012 WL 2601378 (S.D. Ala. July 3, 2012) (verbal harassment by prison official without sexual contact does not allege sufficient injury to state a claim under Eighth Amendment). Accordingly, Plaintiff's complaint fails to state a viable sexual harassment claim under the Eighth Amendment based on Sergeant Edmonds's alleged conduct.[4]

### 2. No § 1983 Claim Based on Grievance Procedures or Violation of Prison Regulations

The Court further finds that Plaintiff's complaint fails to state a claim against Defendants based on his allegations concerning grievance procedures or alleged violations of prison regulations. Plaintiff alleges that he was unable to initially file an informal grievance in March of 2012 because he had already filed a grievance that week, and he also offers the vague allegations that he was "railroaded" by unspecified prison staff when he

---

[4]Plaintiff also asserts that the sexual harassment violated his right to equal protection under the Fourteenth Amendment. (See doc. no. 1, p. 6.) However, "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). Here, Plaintiff does not meet these criteria. Namely, Plaintiff fails to allege that he was sexually harassed or treated differently from other prisoners based on any constitutionally protected interest. Therefore, Plaintiff has failed to state a federal equal protection claim upon which relief may be granted.

tried to file a grievance in August of 2012 and that Defendants "tried to push or deny [his] grievance from exposure." (Doc. no. 1, pp. 5, 6.)

Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Therefore, Plaintiff's allegations regarding Defendants' interference with his ability to file grievances or with the processing of his grievances fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (*per curiam*) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).[5]

---

[5] Plaintiff asserts that alleged misconduct concerning grievances violated his rights under the Ninth Amendment. (See doc. no. 1, p. 6.) The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. It is well-established, however, that the Ninth Amendment is not an independent source of constitutional rights and thus cannot provide the basis for a § 1983 claim. See Hightower by Dahler v. Olmstead, 959 F. Supp. 1549, 1557-58 (N.D. Ga. 1996), *aff'd sub nom*, Hightower v. Olmstead, 166 F.3d 351 (11th Cir. 1998) (Table); Charles v. Brown, 495 F. Supp. 862, 863-64 (N.D. Ala. 1980); see also Metz v. McKinley, 583 F. Supp. 683, 688 n.4 (S.D. Ga.) (noting same in a Bivens cause of action), *aff'd*, 747 F.2d 709 (11th Cir. 1984) (Table).

Plaintiff also fails to state a claim under § 1983 based on Defendants' alleged failure to follow "the rules and laws of their own institutions." (Doc. no. 1, p. 6.) This claim is markedly vague, as Plaintiff fails to specify the prison rules with which Defendants have allegedly failed to comply. In addition, an allegation of non-compliance with prison rules by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, No. 11-14547, 2013 WL 462392, at *2 (11th Cir. Feb. 8, 2013) (*per curiam*) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances) (citing Bingham, 654 F.3d at 1177-78); see also Gaines v. Stenseng, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [Plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim under § 1983."); Rienholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table) ("In a § 1983 action, a federal court considers whether a *constitutional* right has been infringed, not whether bureaucratic procedures have been violated."); Taylor v. White, CIV.A. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."). Accordingly, Plaintiff has failed to state a § 1983 claim upon which relief may be granted based on Defendants' alleged conduct with respect to his filing of

grievances or their alleged failure to comply with unspecified prison rules.

### 3. No Supervisory Liability Claim Against Defendants

Finally, Plaintiff attempts to hold Defendants – the Commissioner of the Georgia Department of Corrections, and the Warden and Deputy Warden at TSP – responsible for the purported misconduct of an official at TSP, namely for "allowing the sexual harassment" by Sergeant Edmonds to continue against Plaintiff. Even if Plaintiff had stated a viable § 1983 claim based on the alleged sexual harassment, which the Court has concluded he did not as discussed supra, see Part I.B.1, Plaintiff's claims against Defendants fail to the extent he is attempting to hold them responsible for the acts of one of their subordinates.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff alleges that Defendants were "in charge of insuring his safety" and that Defendants Owens and Frazier "viewed the allegations" in Plaintiff's grievance and did "nothing to have it investigated." (Doc. no. 1, p. 6.) Nowhere, however, does Plaintiff allege that Defendants actually participated in sexually harassing him. To the contrary, Plaintiff clearly states that it was Sergeant Edmonds who did so.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the misconduct alleged in his complaint. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). "The causal connection can be established when a history of widespread abuse[6] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)).

Plaintiff merely alleges that Defendants Owens and Frazier were aware of the allegations in one of his grievances and did "nothing to have it investigated." (Doc. no. 1, p. 6.) Plaintiff comes nowhere close to showing a widespread problem with the allegations in his complaint, let alone putting the supervisors on notice of such a problem, even if he filed a grievance about the isolated instances of alleged misconduct by one prison official. Moreover, Plaintiff does not show that the supervisors were directly involved with Plaintiff's alleged claims simply by alleging that he filed one grievance that was viewed by these

---

[6]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

9

Defendants. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Plaintiff also alleges that Defendant Dees informed Sergeant Edmonds that Plaintiff had filed a grievance about sexual harassment, after which the sexual harassment continued. (Doc. no. 1, p. 5.) Again, however, the mere allegation that Defendant Dees informed Sergeant Edmonds a grievance had been filed against him does not suggest that she directed him to act unlawfully or knew he would do so, Cottone, 326 F.3d at 1360, or otherwise show a causal connection between Defendant Dees and the alleged misconduct by Sergeant Edmonds. Accordingly, Plaintiff fails to state a supervisory liability claim upon which relief can be granted against Defendants.

In sum, Plaintiff's allegations fail to state a § 1983 claim upon which relief may be granted. Therefore, Plaintiff's complaint should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of June, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE