ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 AUG 12 A 11: 18

CLERK C Adams
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONALD GARY AYTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 313-006 |
| BRIAN OWENS, Commissioner G.D.C., et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. no. 11). In the R&R, the Magistrate Judge found that Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 failed to state a claim upon which relief may be granted. (Doc. no. 9.) In particular, the Magistrate Judge concluded that Plaintiff failed to state a claim (1) under the Eighth Amendment with allegations of sexual harassment by a prison official, (2) for interference with prison grievances or violation of related prison regulations, and (3) against Defendants in their supervisory capacities for the purported misconduct of subordinates. (See generally id.)

In his objections, Plaintiff disputes the Magistrate Judge's finding that he failed to state a claim under the Eighth Amendment because he did not allege a physical injury. (See doc. no. 11, pp. 3-5.) Citing non-binding precedent, Plaintiff argues that he may assert an

Eighth Amendment sexual abuse claim even in the absence of physical injury. (Id. at 5 (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)). However, binding precedent from the Eleventh Circuit is clear that there is no actionable Eighth Amendment sexual abuse claim in the absence of an injury that is "objectively, sufficiently serious," meaning an injury that is "more than *de minimis*." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (quoting Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997), and Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)).

Plaintiff also alleges for the first time in his objections that he did suffer "physical injury" – "mental unstability (sic) resulting in an increase in blood pressure, change in diet, [and] a serious risk of harm (taking pills and other drugs to sleep/thoughts of suicide/thoughts of violence)." (Doc. no. 11, pp. 4-5.) The Court need not consider matters raised for the first time in objections. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir.), *cert. denied*, 129 S. Ct. 2747 (U.S. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so); see also Garey v. United States, 5:08-CV-90024-CDL, 2010 WL 2507833, at *1 (M.D. Ga. June 15, 2010) (noting that district court has discretion to refuse to consider new claim raised in objections).

In any event, Plaintiff's alleged mental instability is insufficient to support an Eighth Amendment sexual abuse claim. "Cases where the injury requirement has been met involve some type of intrusive sexual contact, acts beyond mere touching, and allegations of pain." Parker v. Singletary, 1:09-CV-29-MP-GRJ, 2011 WL 72006, at *2 & n. 23 (N.D. Fla. Jan. 26, 2011) (collecting cases and providing, as examples, "grabbing and pushing inmate up

against bars," "forced oral sex and sexual intercourse," rape, a "forced rectal examination," and an "intrusive body cavity search"), *adopted sub nom*, Parker v. Dep't of Corr., 1:09-CV-00029-MP-GRJ, 2011 WL 721307 (N.D. Fla. Feb. 22, 2011); see also Jemison v. Mack, CIV.A. 12-00244-CG-M, 2012 WL 2601382, at *3 (S.D. Ala. June 8, 2012) (verbal harassment by prison official without sexual contact does not allege sufficient injury to state a claim under Eighth Amendment), *adopted by* 2012 WL 2601378 (S.D. Ala. July 3, 2012). Here, Plaintiff does not allege, in his complaint or his objections, that any touching occurred, let alone any intrusive sexual contact, and he thus fails to allege sufficient facts to state a claim under the Eighth Amendment.

Plaintiff also appears to raise the wholly new claim that Defendants Dees and Frazier were deliberately indifferent to his serious medical needs because they denied him "proper medical attention." (Doc. no. 11, p. 1.) As noted above, it is improper for Plaintiff to raise a new claim in his objections. See Williams, 557 F.3d at 1291. Moreover, claims of deliberate indifference to serious medical needs are evaluated under a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). To state a claim for deliberate indifference that violates the Eighth Amendment, the facts alleged must demonstrate "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir. 2007).

Plaintiff alleges that he suffers from "serious mental health" issues. (Doc. no. 11, p. 2.) Plaintiff further alleges that he requested mental health assistance in two grievances, and

3

he "was granted relief, but it was more [or] less on the lines of a non-essential evaluation by an ill informed professional." (Id.) Plaintiff also alleges that Defendant Dees exhibited deliberate indifference to Plaintiff's mental health issues when she failed to stop the sexual harassment of Plaintiff, which caused him to go "through withdrawal and emmotional (sic) spells that plagued his health as well as endangered those around him." (Id.)

Assuming *arguendo* that Plaintiff's mental health issues constituted a serious medical need, Plaintiff fails to allege facts indicating that Defendants Frazier and Dees had subjective knowledge of a risk of serious harm. Plaintiff does not allege that he ever directly made either Defendant aware of his mental health issues, nor does he allege that he informed either Defendant that the care he admits he received – the purportedly "non-essential evaluation" by the "ill-informed professional" – was inadequate or that he was suffering from withdrawal or emotional spells.[1] Rather, the only allegation Plaintiff makes to *suggest* that either of these Defendants might have been aware of his mental health issues is that he "requested mental health assistance" in two grievances. That was not enough to make either Defendant subjectively aware of a risk of serious harm, however, and Plaintiff's deliberate indifference claim accordingly fails.[2] See Goebert, 510 F.3d at 1326-27; see also Thomas v. Poveda, 12-11448, 2013 WL 1760587, at *3 (11th Cir. Apr. 24, 2013) (where plaintiff's only allegation was that defendants denied his grievance appeal regarding the "failure to receive adequate

---

[1]While Plaintiff alleges that he had three incidents of attempted suicide and one attempted murder that were "added to his mental health case load," he concedes that "this was before [he] came to prison." (Doc. no. 11, p. 2.)

[2]Moreover, Defendants Frazier and Dees cannot be held liable for the actions of their subordinates on the basis of *respondeat superior*, and Plaintiff has not sufficiently alleged that these Defendants actually participated in or were causally connected to the misconduct alleged. See Hartley, 193 F.3d at 1269 (11th Cir. 1999).

4

physical therapy," it was insufficient to allege deliberate indifference "because it does not suggest that these two individuals had knowledge of a risk of serious harm").

Plaintiff's remaining objections were either sufficiently addressed by the Magistrate Judge in the R&R or are otherwise devoid of merit. Plaintiff's objections are thus **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted,[3] and this civil action is **CLOSED**.

SO ORDERED this 12th day of August, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court is dismissing Plaintiff's complaint for failure to state a claim, his request to "clarify" the relief sought in his complaint is moot. (See doc. no. 11, p. 1.)

5